09-4216-ag
Ajdin v. Holder

BIA
A070 894 856
A075 314 837
A075 314 838
A075 314 839
A075 314 840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

PRESENT:
  RALPH K. WINTER,
  JOSÉ A. CABRANES,
  DEBRA ANN LIVINGSTON,
      *Circuit Judges*.

————————————————————————————

ARIF AJDIN, FATIMA AJDINOVSKA, MIRSADA AJDINOVSKA, SABAN AJDINOVSKA, ALMA AJDINOVSKA,
      *Petitioners*,

      v.                                        09-4216-ag
                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
      *Respondent*.

————————————————————————————

FOR PETITIONERS:      Michael P. Diraimondo, Melville, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Sada Manickam, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, all natives of the former Yugoslavia and citizens of Macedonia, seek review of a September 30, 2009, order of the BIA denying their motion to reopen their removal proceedings. *In re Ajdin, et. al.*, Nos. A070 894 856, A075 314 837-840 (B.I.A. Sept. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Petitioners' motion to reopen as untimely and number-barred because they filed it almost

seven years after their October 2001 final order of removal and it was the third such motion they had filed.  *See id.;* 8 C.F.R. § 1003.2(c)(2).

Although the time and numerical limits may be excused when the movant alleges changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably found that the evidence Petitioners submitted merely "reflect[ed] a continuation of circumstances substantially similar to those that existed at the time of [their] hearing."  Indeed, much of the evidence Petitioners included with their motion was previously available or reflected ongoing civil strife in Macedonia rather than a material change.  Therefore, substantial evidence supports the BIA's determination that Petitioners failed to establish changed country conditions.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that Petitioners submitted.  *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  To the contrary, it is apparent that the BIA considered Petitioners' evidence, and made reasonable findings based on the record.  *See Xiao Ji*

3

*Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

Finally, there is no merit to Petitioners' argument that the BIA's decision was arbitrary and capricious because it contradicted its findings in another case. First, the case Petitioners cite was unpublished and, thus, not binding on the BIA. *See Ajdin v. BCIS*, 437 F.3d 261, 264-65 (2d Cir. 2006). Second, unlike in that case, Petitioners here do not assert that the agency applied the wrong legal standard.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk